United States District Court
Southern District of Texas
FILED

APR 26 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAIAS TOSCANO-GIL,

v.                                    CA  **B-02-084**

E.M. TROMINSKI,
 INS DISTRICT DIRECTOR.

## PETITION FOR WRIT OF HABEAS CORPUS

Comes Petitioner, by and through the undersigned, and respectfully files the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, and *INS v. St. Cyr*, 121 S.Ct. 2271 (2001), to review an administratively final order of exclusion and deportation, issued on April 22, 2002 by the Board of Immigration Appeals, ("BIA") (Petitioner's Exhibit A, incorporated by reference).

### I. JURISDICTION AND SCOPE OF REVIEW

1. Jurisdiction herein is laid under 28 U.S.C. §2241. Mr. Toscano is under an administratively final order of exclusion and deportation. (Exhibit A). He is also in parole status, under an Order of Supervision, (Petitioner's Exhibit B, incorporated by reference). Said parole and Order of Supervision were issued on November 28, 2000, for the stated purpose of permitting Mr. Toscano to remain in the U.S. with his wife and children until the BIA issued a decision on INS' appeal from the Immigration Judge's order, granting their applications for adjustment of status. *Id.*

2. However, on April 26, 2002, agents of Respondents orally advised

the undersigned that, because of the recent decision by the BIA, they would not renew the Order of Supervision, that a warrant had been issued for Petitioner's arrest, and that they would shortly send a "bag and baggage" letter, setting a date for surrender.

3. Furthermore, Mr. Toscano traveled from his home in Louisiana to Harlingen on this date for the purpose of presenting himself as required to INS, and renewing his Order of Supervision. Agents of Respondent also orally advised the undersigned today not to have him present himself at INS this date. Mr. Toscano therefore has no documents with which to return to his home and family in Louisiana.

4. These facts create substantial restrictions on Petitioner's liberty which are not shared by the general populace, and therefore constitute custody for purpose of 28 U.S.C. §2241.

5. Venue is proper in this District because Respondent Trominski maintains his office in Harlingen, which is also where Mr. Toscano's hearing was conducted, and because he is physically present in this district at the moment the petition is being filed, without documents permitting him to return to Louisiana.

## II. THE FACTS AND PROCEDURAL HISTORY

6. In March of 1996, Mr. Toscano, a lawful permanent resident of the United States, was stopped at the international bridge on his return from a brief trip to visit relatives in Mexico, when approximately 52 pounds of marijuana were discovered in the gas tank of his recently purchased, used, vehicle. Mr. Toscano ultimately pled guilty to simple possession of marijuana, for which he received five years probation. Exclusion proceedings followed, in which the Immigration Judge granted Mr. Toscano's application

for §212(c) relief. INS appealed, challenging both his statutory eligibility, under AEDPA §440(d), and the Judge's conclusion that he merited §212(c) relief.

7. On May 19, 1998, in a two-to-one decision citing *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988) (Rehabilitation is a favorable consideration in evaluating a discretionary, §212(c) application, and will ordinarily be required where a serious drug offense is involved); *Matter of Burbano,* 20 I&N Dec. 872 (BIA 1994) (BIA relies on its independent judgment in determining whether applicant merits discretionary relief), and *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978) (establishing balancing test for exercise of discretion in §212(c) cases), the BIA held that Petitioner had not shown "unusual or outstanding" equities, as required under *Buscemi* when "serious" drug offenses are involved, and that he therefore did not deserve relief.  In so doing, as argued by the dissent, the majority departed, without explanation, from its numerous precedent decisions finding equities similar, or even inferior to, those presented by Mr. Toscano to reach the level of "unusual or outstanding." *See, INS v. Yang*, 117 S.Ct. 350,353 (1996) (failure to follow settled policies is abuse of discretion); *Diaz-Resendez v. INS*, 960 F.2d 493,495 (5th Cir. 1992) (same).

8. Mr. Toscano therefore filed a petition for habeas corpus with this Honorable Court, CA B-98-79.  The Court concluded that the Board had erred in the manner in which it reached its decision, and granted his petition. INS appealed to the Fifth Circuit, challenging, *inter alia,* the District Court's characterization of the Board's errors as Due Process challenges.  The Fifth Circuit sustained INS' appeal, concluding that the factual errors made by the Board were not Due Process violations, because the critical

factor the Board considered in denying was the marijuana conviction, not the alleged DWI conviction, and that Mr. Toscano therefore could not show that he would otherwise have been granted relief. *Toscano-Gil v. Trominski*, 210 F.3d 470 (5th Cir. 2000).

9. On December 21, 2001, "in light of [this] Court's findings, and upon further review of the record," the BIA *sua sponte* reconsidered its prior denial of relief, and concluded as follows:

> [W]e conclude that there is no adequate basis for overturning the Immigration Judge's grant of discretionary relief. We note in particular the respondent's very long residence in this country, and the fact that he has only once conviction, and was sentenced only to probation for that offense.

(Petitioner's Exhibit C, incorporated by reference). As a result, the Board dismissed INS' appeal from the decision of the Immigration Judge, thereby reinstating the grant of §212(c) relief, and Petitioner's status as a lawful permanent resident. *Id.*

10. INS filed a timely motion to reconsider, based solely on the fact that this Court's decision had been vacated by the Fifth Circuit. Petitioner opposed that motion, arguing, *inter alia*, that the decision of the Fifth Circuit did not overturn the findings of fact of this Court, and that the BIA had jurisdiction to reconsider its prior decision *sua sponte*, and conclude, on the merits, that relief was warranted in the exercise of discretion, and that to withdraw a decision concluding that relief was warranted on the merits simply because the Fifth Circuit had held that the Board's prior errors did not rise to the level of Due Process violations would, in and of itself, constitute a Due Process violation.

11. INS responded that the BIA should "disregard" Petitioner's

4

claims, and on April 22, 2002, the BIA issued its most recent decision, again reversing itself, and completely disregarding the arguments made by Petitioner in opposition to INS' motion for the BIA to reconsider its decision of December 21, 2001. (Exhibit A).

### III.   THE BASIS OF PETITIONER'S CHALLENGE
### A.   CHALLENGE TO THE BIA'S DECISION

Petitioner challenges his order of exclusion and deportation on the grounds that the Board erred in failing to give **any** consideration to the arguments he raised in opposition to INS' motion. The Board validly exercised its *sua sponte* power to grant relief under §212(c), after concluding that said relief was merited in the exercise of discretion. By not giving *any* consideration to Petitioner's arguments, the Board wholly prevented him from presenting his case. *See,* Opie v. INS, 66 F.3d 737 (5th Cir. 1995) (Although the BIA need not "write an exegesis on every contention ... its opinion must reflect that it has heard and thought and not merely reacted."

### B.   CHALLENGE TO INS' ARBITRARY REVERSAL OF ITS DECISION TO ALLOW PETITIONER TO REMAIN IN THE UNITED STATES WHILE INS' APPEAL IN HIS FAMILY'S CASES IS PENDING

Mr. Toscano also urges that it was an egregious abuse of discretion for INS to suddenly change its institutional mind, without warning, and declare that they would not renew his Order of Supervision, or extend his parole. The Order of Supervision was granted before the BIA's *sua sponte* decision in December, 2001. It was based on the situation of his family, which has not changed. The only thing that has changed is the BIA's grant, and retraction, of relief to

the Petitioner himself. If anything, this only strengthens the reasons why he should be allowed to remain. Because he is now "stranded" in the Valley, the instant petition is being filed in an expedited manner, and supplemental points and authorities will be prepared and submitted at a later date.

Respectfully Submitted,

                            PETITIONER'S STATEMENT

/s/ Lisa S. Brodyaga     The foregoing was explained to me by Attorney Lisa Brodyaga, and, to the extent I have knowledge thereof is true and correct to the best of my knowledge and belief.

Lisa S. Brodyaga, Esq.
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Fed. I.D. 1178
Texas Bar No. 03052800



VERIFICATION OF COUNSEL

I hereby certify that I am familiar with the facts of Mr. Toscano's case, and that as stated above they are true and correct to the best of my knowledge and belief.

_____

CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits, was personally delivered to the Office of the Lisa Putnam, SAUSA, 1709 Zoy, Harlingen, Texas, this 26th day of April, 2002.

_____

```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION
```

ISAIAS TOSCANO-GIL,

v.                                          B-02-084

E.M. TROMINSKI,
 INS DISTRICT DIRECTOR.

**EXHIBIT "A" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**
**WITH INCORPORATED POINTS AND AUTHORITIES**



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 23041*

Garcia, Thelma O.
301 E. Madison Avenue,
Harlingen, TX 78550

Office of the District Counsel/Pl
P.O. Box 1711
Harlingen, TX 78551

Name: TOSCANO-GIL, ISAIAS

A91-229-___

RECEIVED APR 25 2002

Date of this notice: 04/22/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
   HOLMES, DAVID B
   HURWITZ, GERALD S.
   MILLER, NEIL P.

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File:   A91 229 833 - Port Isabel

Date:   APR 22 2002

In re: ISAIAS TOSCANO-GIL

IN EXCLUSION PROCEEDINGS

MOTION

ON BEHALF OF APPLICANT:   Thelma O. Garcia Esquire

ON BEHALF OF SERVICE:   Lisa M. Putnam
Assistant District Counsel

APPLICATION: Reconsideration

This case was originally before the Board as the result of an appeal filed by the Immigration and Naturalization Service regarding the Immigration Judge's grant of a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), to the applicant on January 24, 1997. On May 19, 1998, the Board sustained the Service's appeal, vacated the Immigration Judge's grant of relief, and ordered the applicant excluded and deported from the United States. Subsequently, on December 4, 1998, the United States District Court for the Southern District of Texas granted the applicant's petition for habeas corpus, vacated the Board's decision, and remanded the matter for further proceedings.

On remand, we reexamined the record in light of the district court's findings and dismissed the Service's original appeal from the Immigration Judge's January 24, 1997, grant of section 212(c) relief. The Service has now timely filed a motion to reconsider based upon the subsequent reversal of the district court's grant of habeas corpus. See *Toscano-Gil v. E.M. Trominski*, 210 F.3d 470 (5th Cir. 2000).

In light of the Fifth Circuit's decision, we will grant the Service's motion to reconsider and reinstate our May 19, 1998, decision.

Accordingly, the following orders will be entered.

ORDER: The Immigration and Naturalization Service's motion to reconsider is granted.

FURTHER ORDER: The Board of Immigration Appeal's decision dated May 19, 1998, is reinstated, and the applicant is ordered excluded and deported from the United States.

FOR THE BOARD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAIAS TOSCANO-GIL,

v.

E.M. TROMINSKI,
 INS DISTRICT DIRECTOR.

B-02-084

**EXHIBIT "B" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS
WITH INCORPORATED POINTS AND AUTHORITIES**

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A91 229 833 - Port Isabel                     Date:

In re: ISAIAS TOSCANO-GIL                           DEC 21 200?

IN EXCLUSION PROCEEDINGS

APPEAL

ON BEHALF OF APPLICANT: Thelma O. Garcia, Esquire

ON BEHALF OF SERVICE:   William W. Kummings  
                        Appellate Counsel

EXCLUDABLE:   Sec. 212(a)(2)(C), I&N Act [8 U.S.C. § 1182(a)(2)(C)] -  
              Controlled substance trafficker

APPLICATION: Section 212(c) waiver

ORDER:

    PER CURIAM. This case was last before us on May 19, 1998, when the Board sustained the Immigration and Naturalization Service appeal from an Immigration Judge's decision granting the applicant's application for relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), in the exercise of discretion. On December 4, 1998, the United States District Court for the Southern District of Texas granted the applicant's petition for habeas corpus, vacated our decision in the case, and remanded the matter to us for further proceedings. The court found that the Board had not adequately or correctly assessed the facts of the case, and had not considered the Immigration Judge's finding with regard to rehabilitation.

    In light of the court's findings, and upon further review of the record, we conclude that there is no adequate basis for overturning the Immigration Judge's decision granting discretionary relief. We note in particular the respondent's very long residence in this country, and the fact that he has only one conviction, and was sentenced only to probation for that offense. Accordingly, the Service appeal from the Immigration Judge's January 24, 1997, decision in this case is hereby dismissed.

FOR THE BOARD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ISAIAS TOSCANO-GIL, | **B-02-084** |
| v. | |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR. | |

**EXHIBIT "C" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**
**WITH INCORPORATED POINTS AND AUTHORITIES**



PAROLED TO:
MAY 28 2001
Pending Decision By
BIA in Family
Cases
(See I-220B issued
11-28-00
Patrick Dopilio.

1 Family Name: TOSCANO ISAIAS
2 First (Given) Name: 61L
3 Birth Date (Day Mo Yr): 06 07 55
4 Country of Citizenship: MEXICO
5 Sex (Male or Female): MALE
6 Passport Number: AQ1 229 833
7 Airline and Flight Number:
8 Country Where You Live:
9 City Where You Boarded:
10 City Where Visa Was Issued:
11 Date Issued (Day Mo Yr):
12 Address While in the United States (Number and Street): 500 EISENHOWER AVE APT #180
13 City and State: METAIRE LA 70003

U.S. Department of Justice
Immigration and Naturalization Service

# Order of Supervision

File No. A91 229 833

Date: November 28, 2000

Name: **Gil Toscano Isaias**

On: April 20, 2000, you were ordered:

☒ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☐ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about you nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside **HARLINGEN DISTRICT** (Specify geographic limit if any) for more than 48 hours without first having notified this office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the **first Wednesday** day of **sixth month** to this Service office at: 2102 Teege Ave., Harlingen, Texas (Deportation Section) D05 unless you are granted written permission to report on another date.

☒ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☒ Other: **That you notify this office immediately upon receipt of a decision on your family's cases which are pending before the Board of Immigration Appeals: (A7228 473; A76 228 474; A76 228 475; A76 228 476; A76 228 477)**

☐ See attached sheet containing other specified conditions (continue on separate sheet if required)

(Signature of INS official)

**Refugio Huerta, Deportation Officer**
(Print name and title of INS official)

## Alien's Acknowledgement of Conditions - Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _English_ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS Official Serving Order)    (Signature of Alien)    11-28-00 (Date)

Form I-220B (Rev. 4/1/97)N

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

Isaias Toscano-Gil

v.

E.M. Trominski
INS District Director +
John Ashcroft
US Attorney General

TO: (Name and Address of Defendant)

US Attorney
PO Box 61129
Houston TX 77208

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-02-084**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby
CLERK

BY DEPUTY CLERK

DATE 4/26/02

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__

Isaias Toscano-Gil

v.

E.M. Trominski, INS District Director, and John Ashcroft, U.S. Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-02-084**

TO: (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW #5111
Washington, DC 20530-0001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby
CLERK

4/26/02
DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Iscuas Toscano - G.1

v.

E.M. Trominski, INS District Director +
John Ashcroft, US Attorney General

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **B-02-084**

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby
CLERK

4/26/02
DATE

BY DEPUTY CLERK