IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISAIAS TOSCANO-GIL, )<br>Petitioner, )<br> )<br>v. )<br> ) C.A. No. B-02-084<br>E.M. TROMINSKI, )<br>INS DISTRICT DIRECTOR, )<br>Respondent. )<br>_____) | |

**RESPONDENT'S MOTION TO DISMISS**

COMES NOW, E.M. Trominski, Immigration and Naturalization Service ("Service") District Director, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby files this Motion to Dismiss this case.

In his petition, the Petitioner, Isaias Toscano-Gil ("Toscano"), claims that because the Fifth Circuit Court of Appeals ("Fifth Circuit") did not specifically overturn this Court's findings of fact in his prior petition for writ of habeas corpus, the Board of Immigration Appeals ("Board") erred in reinstating its May 19, 1998, decision without considering new facts in his case. Toscano seemingly attempts to have this Court again review the May 19, 1998, decision by requesting this Court to take into consideration new facts not in evidence at the time the Board entered its decision on May 19, 1998. The Board correctly reinstated its May 19, 1998, decision ordering Toscano be excluded and deported from the United States.

On March 10, 1996, a Notice to Applicant For Admission Detained for Hearing Before an Immigration Judge (Form I-122) was issued by the Service to Toscano. The

Service alleged in the I-122 that Toscano was excludable as an alien who the counselar or immigration officer knew or had reason to believe was or had been an illicit trafficker in a controlled substance. Toscano was attempting to enter the United States through the port of entry at Falcon Dam, Texas, when 52 pounds of marijuana were found in his vehicle. He was convicted in Starr County, Texas, on April 15, 1996, of possession of marijuana.

At a hearing on June 5, 1996, the applicant admitted that the Attorney General had reason to believe him to be or to have been an illicit trafficker in a controlled substance, and he conceded his excludability on that basis. Based on those pleadings, the immigration judge found Toscano was excludable as charged. Toscano was given the opportunity to apply for relief in the form of a waiver pursuant to §212(c) of the Act, 8 U.S.C. §1182(c).[1]

On January 23, 1997, a hearing on the merits of Toscano's waiver application was held, after several rescheduled hearings. By oral decision given on January 24, 1997, the immigration judge granted Toscano's application for a waiver pursuant to §212(c) of the Act, 8 U.S.C. §1182(c). The Service timely appealed.

The parties were given the opportunity to provide briefs to the Board on whether, based on the facts, the immigration judge's decision to grant Toscano's waiver application was correct. By decision dated May 19, 1998, the Board sustained the Service's appeal and ordered Toscano excluded and deported from the United States.

Toscano filed a Petition for Writ of Habeas Corpus with this Court in 1998. Ultimately, this Court granted the petition and remanded the matter to the Board. The

---

[1] In both its Prehearing Statement and Notice of Appeal, the Service had taken the position that the applicant was ineligible for a waiver pursuant to §212(c) of the Act in light of §440(d) of AEDPA. Enacted on April 24, 1996, it eliminated waivers pursuant to §212(c) of the Act to aliens deportable by reason of having committed any criminal offense covered in §241(a)(2)(B) of the Act (controlled substance violation). In the interim, the Board

Government appealed that decision and on April 20, 2000, the Fifth Circuit reversed this Court's grant of habeas relief and dismissed the petition.

However, the Board on December 21, 2001, issued a decision dismissing the Service's appeal of immigration judge's grant of the applicant's application for relief pursuant to §212(c) of the Immigration and Naturalization Act ("Act").[2] The Board's decision was based on this Court's December 4, 1998, decision which had granted the applicant's petition for writ of habeas corpus, vacated the Board's May 19, 1998, decision and remanded the matter to the Board for further proceedings. The Board apparently was unaware of the subsequent Fifth Circuit decision reversing the grant of habeas relief and dismissing the petition, dated April 20, 2000. *See Toscano-Gil v. Trominski*, 210 F.3d 470 (5th Cir. 2000).

The Service thereafter filed a motion to reconsider with the Board informing them of the Fifth Circuit's decision reversing the grant of the habeas petition. Recognizing its error, on April 22, 2002, and in accordance with the Fifth Circuit's decision, the Board reinstated its May 19, 1998, decision and ordered Toscano be excluded and deported from the United States.

The Respondent opines that this petition is based solely on the procedural history of this case. Further, the Respondent objects to Toscano's position that because the Fifth Circuit did not specifically overturn the factual findings of the Court in the prior grant of habeas relief, those findings survive the Fifth Circuit's reversal of this Court's decision. Toscano's attempts to present additional evidence to support a grant of relief pursuant to

---

found that aliens in exclusion proceedings are still eligible to apply for relief pursuant to §212(c) of the Act. Matter of Fuentes-Campos, Int. Dec. 3318 (BIA 1997).
[2] In the May 19, 1998, decision, the Board had sustained the Service appeal and ordered the applicant excluded and deported from the United States.

§212(c) of the Act, which is irrelevant to the case. Toscano should not be permitted to reargue and augment his position regarding the merits of his case, particularly in light of the fact that he has already had several opportunities to do so.

In issuing its decision of December 21, 2001, the Board merely erroneously relied on a decision by this Court that had been reversed by the Fifth Circuit Court of Appeals 20 months earlier. In reversing the District Court's order, the Fifth Circuit essentially reinstated the Board's May 19, 1998, decision which sustained the Service's appeal and ordered the applicant excluded and deported from the United States.

The fact that the Board may have made a statement which addressed the merits of the case in the incorrectly issued December 21, 2001, decision is irrelevant. The Board evaluated the facts and applicable law when making its decision on May 19, 1998. Appeals and habeas petitions were filed and ruled upon. In the end, the Fifth Circuit determined that the Board's decision of May 19, 1998, should remain undisturbed.

Toscano's position that because the Fifth Circuit did not address this Court's findings of fact they should remain intact and should have been taken in consideration by the Board is simply incorrect. The Fifth Circuit's decision reversed the grant of habeas relief and dismissed the petition. Toscano v. Trominski, 210 F.3d at 475. The Fifth Circuit's decision is clear - this Court's order granting Toscano's prior petition for writ of habeas corpus is reversed and the petition is dismissed. Without more, this Court's factual finding cannot survive such a decision. Consequently, any further evaluation of any additional evidence on the merits should not be permitted.

The Board's December 21, 2001 decision should never have been issued. Consequently, any findings made within that decision are irrelevant. After the 5th Circuit reversed this Court's grant of habeas relief and dismissed the petition, the Board's May 19, 1998 decision was reinstated. That decision remains undisturbed and is not subject to any further review as it has been previously reviewed by this court and the 5th Circuit in a prior petition for writ of habeas corpus.

Based on the foregoing, this Court should dismiss this petition for writ of habeas corpus.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
FAX: (956) 389-7057

Date: June 28th, 2002

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel by depositing a copy of it in the United States mail, first class postage prepaid, to:

Lisa S. Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX 78586

on this the 28th day of June, 2002.

Lisa M. Putnam
Special Assistant U.S. Attorney