UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUL 0 1 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ISAIAS TOSCANO-GIL | ) |
| | ) |
| v. | ) CIVIL ACTION NO. B-02-084 |
| | ) |
| E.M. TROMINSKI, | ) |
| INS DISTRICT DIRECTOR, | ) |
| Respondent | ) |

## ORDER AND MEMORANDUM

### BACKGROUND

In 1996, Isaias Toscano-Gil (hereinafter, Petitioner, Toscano), a lawful permanent resident, was stopped at the international bridge when marijuana was discovered in the gas tank of his vehicle. Petitioner pled guilty to possession of marijuana, for which he received five years probation. Exclusion proceedings were initiated against Toscano where he later had a hearing in front of an Immigration Judge. This Immigration Judge granted his application for Section 212(c) relief and allowed him to remain in the United States. Immigration and Naturalization Service ("INS") appealed, and on May 19, 1998, the Board of Immigration Appeals ("BIA") reversed the Immigration Judge, and ordered Petitioner excluded and deported.

Toscano filed a Petition for Habeas Corpus with this Court and the Honorable Hilda Tagle concluded that the BIA had erred in the manner in which it reached its decision, and granted his petition. INS appealed and challenged the Court's characterization of the errors as Due Process violations. The Fifth Circuit sustained INS' appeal, concluding that Toscano did not state a cognizable constitutional claim. *Toscano-Gil v. Trominski*, 210 F. 3d 470 (5th Cir. 2000).

1

On December 21, 2001, the BIA reconsidered its prior denial of relief, and concluded as follows: "We conclude that there is no adequate basis for overturning the Immigration Judge's grant of discretionary relief. We note in particular the respondent's very long residence in this country, and the fact that he has only one conviction, and was sentenced only to probation for that offense."[1] The BIA dismissed INS' appeal, thereby reinstating the Immigration Judge's grant of 212(c) relief, and Toscano's legal permanent resident status.

INS filed a Motion to Reconsider based on the fact that Judge Tagle's decision had been vacated by the Fifth Circuit. Petitioner opposed the Motion. Toscano stated in this Motion that the BIA's finding which held that he merited discretionary relief mooted the rationale of the Fifth Circuit, and further noted that the BIA had jurisdiction to reconsider its prior decision *sua sponte*.

On April 22, 2002, the BIA issued its most recent decision, granting the INS' motion to reconsider and reinstating the May 19, 1998 decision which ordered Toscano excluded and deported from the United States. Toscano filed a Petition for Writ of Habeas Corpus on April 26, 2002, where he states that the BIA's decision of April 22, 2002 violates due process and challenges INS' reversal of its decision to allow Petitioner to remain in the United States while the INS' appeal in his family's case is pending.

## JURISDICTION

In *INS v. St. Cyr*[2], the Supreme Court held that the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") limiting judicial review of a final order of removal did not deprive the Federal District Court of habeas jurisdiction under 28 U.S.C. Section

---

[1] Petitioner's Exhibit E, incorporated by reference, Tab. 1

[2] *INS v. St. Cyr*, 533 U.S. 289 (2001).

2241 over a challenge to the Board of Immigration Appeals' ("BIA") conclusion that the petitioner was statutorily ineligible for discretionary relief from removal.[3] Accordingly, jurisdiction is hereby exercised.

## ANALYSIS

After a de novo review of this case, this Court determined that an explanation is needed for the inconsistency between the BIA's first, second, and last decisions regarding Mr. Toscano's case. This Court will not address the due process allegations until these inconsistencies are clarified. First, the BIA reversed the Immigration Judge stating that Petitioner's outstanding equities did not outweigh the negative factors. The second time, the BIA stated that in light of the court's findings, and upon further review of the record, they concluded that there was no adequate basis for overturning the Immigration Judge's decision granting discretionary relief. The BIA, in this same decision stated the following: " We note in particular the respondent's very long residence in this country, and the fact that he has only one conviction, and was sentenced only to probation for that offense." On April 22, 2002, the BIA in their last decision regarding this case, gave no explanation for ruling the way they did and stated that in light of the Fifth Circuit's decision they granted the Service's motion to reconsider and reinstated their May 19, 1998 decision.

The BIA's last decision was based on the Fifth Circuit's decision in *Toscano-Gil v. INS*, 210 F.3d 470 (April 20, 2000), where the Court held that Petitioner failed to state a cognizable constitutional claim. The Fifth Circuit determined whether Petitioner's outstanding equities outweighed the negative factors. In December 2001, the BIA, in their second decision, admitted

---

[3]*See id.* at 314.

3

that there was no reason to overturn the Immigration Judge's decision. It would appear that the second decision is not affected by the Fifth Circuit's ruling because the issues decided were different.

The advantage of an independent standard of review is that it promotes uniformity in the application of the various discretionary provisions of the Immigration and Nationality Act. *See Matter of Cerna*, Interim Decision 3161, at 10 (BIA 1991) (noting that a principal mission of the Board of Immigration Appeals is to ensure as uniform an interpretation and application of the immigration laws as possible. In *Cerna v. INS*, 979 F.2d 212 (11th Cir. 1992), the court states that in this regard the individualistic nature of a discretionary determination permits the possibility that differing decisions may be reached based on essentially identical facts, with each decision arguably falling within a reasonable exercise of discretion. " The Board may be presented with similar fact situations in different cases and, subject only to the strictures of equal protection and non-arbitrary action, it need not adjudicate all such cases by rendering opinions that seem to be absolutely consistent." *Yahkpua v. INS*, 770 F.2d 1317(5th Cir. 1985). The BIA need not render absolutely consistent opinions with different cases but when it comes to the same case, the BIA should be consistent in it's decisions.

Accordingly, it is ORDERED that the Board of Immigration Appeals clarify their inconsistent decisions. It is also ORDERED that Petitioner remain in the United States while these proceedings are pending.

DONE this 27th day of June 20, 2002 in Brownsville, Texas.

Filemon B. Vela
United States District Judge